IN TALLIAFERRO SUPERIOR COURT, JULY TERM, 1831.

JOHN and C. DANIEL *vs.* The JUSTICES of the INFERIOR COURT of Talliaferro County, and ROBERT GIBSON.

*Certiorari.*

No constable shall be author-

IN this case a previous certiorari had been obtained and

sustained. In the case which had been brought up from the Inferior Court, money had been raised and brought into that court by a *fi. fa.* in the name of Robert C. Gibson, which had been obtained in the Inferior Court. The money was claimed by older *fi. fas.* from the justices' court in the name of John and C. Daniel, which had the entry upon them of "*no personal property to be found.*" The first *certiorari* had been sustained, and a new trial ordered. When the case was called again for trial, the plaintiffs in *fi. fa.* in the inferior court traversed the return of the constable, and upon the hearing of evidence upon the trial of the traverse, the verdict of the jury was for the traversers, and the money was again awarded to the *fi. fa.* from the Inferior Court. The traverse of the constable's return was resisted by the counsel of the plaintiff in *certiorari* on the ground : 1st. That it was not traversable. 2nd. That the plaintiff in *fi. fa.* in the Inferior Court had no right to occupy new grounds upon the new trial ordered by the Superior Court : That the rule of Court which required all the grounds to be taken at once, governed this question.

*Decision.* The return of no personal property on *fi. fas.* from justices' courts is not required by statute. The statute only delares that a *fi. fa.* from a justice's court shall not be levied on land or negroes, if there is other personal property. The entry of no personal property has been required by the courts by virtue of the aforesaid provision in the statute. The decision of the courts, that such return should be made on *fi. fas.* issuing from justice's courts, is believed to be salutary and for the benefit of all parties. If no such return was made, the purchaser of land or negroes under such *fi. fas.* might be required in all controversies touching such property, to prove there was no personal property. If such entry is required and made, and held not traversable, great security would be acquired by purchasers. But there are other reasons for deciding such return not to be traversable. If it should be held traversable, much vexation, embarrassment and delay to plaintiffs in execution, might be occasioned. When the constable should go to levy, defendants might by design keep all personal property out of the way. And when the proper return should be made and a levy upon land or negroes entered, an affidavit of illegality might be made, alleging that there was personal property out of which the *fi. fa.* might be satisfied. The defendant might have a watch in his pocket which would enable him to make the affidavit of illegality, and might by that means keep the plaintiff out of his legally established rights. The Judges are therefore of opinion that the return of a constable in such cases is not traversable, and that the Inferior Court erred in this case in permitting the return to be traversed, and that the *certiorari* ought to be sustained.

TALLIAFERRO, July, 1831.

DANIEL v. JUSTICES OF INFERIOR COURT.

ized to levy on any negro or negroes, or real estate, unless there is no personal estate to be found sufficient to satisfy the debt, &c. (Prin. Dig. 249.) By virtue of the foregoing provision, the courts have required constables, before levying upon negroes or real estate, to enter on the execution "*No personal property to be found.*" And when such entry is made by the constable, it is not traversable.